IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington stock savings bank, | 3:10-CV-00674-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DEREK L. BROWN & ASSOCIATES, INC., an Oregon corporation and DEREK L. BROWN, | |
| Defendants. | |

SANFORD R. LANDRESS
Greene & Markley, PC
1515 S.W. Fifth Avenue
Suite 600
Portland, OR 97201
(503) 295-2668

    Attorneys for Plaintiff


BROWN, Judge.

    This matter comes before the Court on Plaintiff's Motion

1 - OPINION AND ORDER

(#33) for an Award of Attorneys' Fees and Costs. For the reasons that follow, the Court **GRANTS in part** Plaintiff's Motion for an Award of Attorneys' Fees and awards attorneys' fees to Plaintiff in the amount of **$45,137.13**. The Court also awards costs to Plaintiff in the amount of **$858.75**.

## BACKGROUND

On June 11, 2012, Plaintiff filed a Complaint in this Court alleging a claim for breach of a promissory note.

On July 28, 2010, Defendants filed an Answer.

On August 25, 2010, the parties advised the Court that the matter might settle. Accordingly, the Court relieved the parties of any existing court deadlines and ordered the parties to file a status report.

On November 19, 2010, the Court granted defense counsel's Motion to Withdraw and set a status conference on December 9, 2010.

On December 7, 2010, the parties filed a Notice of Settlement. On December 8, 2010, the Court directed the parties to file a form of judgment.

On January 19, 2011, the parties filed a Proposed Stipulated Judgment. On January 20, 2011, the Court entered a Stipulated Judgment of Dismissal.

On October 30, 2012, Plaintiff filed an Unopposed Motion for

2 - OPINION AND ORDER

Order Vacating in Part the Stipulated Judgment of Dismissal. On October 31, 2012, the Court entered an Order vacating in part the Stipulated Judgment of Dismissal.

On November 1, 2012, Plaintiff filed a Proposed Stipulated Judgment of Dismissal. On November 5, 2012, the Court entered a Stipulated Judgment dismissing this matter.

On November 13, 2012, Plaintiff filed a Motion for an Award of Attorneys' Fees and Costs. Defendants did not file a response, and the Court took this matter under advisement on November 30, 2012.

## DISCUSSION

I.  **Attorneys' Fees.**

Plaintiff seeks $52,435.00 in attorneys' fees.

### A. Plaintiff is entitled to reasonable attorneys' fees.

The promissory note at issue signed by the parties in this action provides as follows:

> ATTORNEYS' FEES; EXPENSES: Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes . . . Lender's attorneys' fees and Lender's legal expense . . . including attorneys' fees. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

Compl., Ex. 1 at 1.

Accordingly, the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs in this matter.

3 - OPINION AND ORDER

### B. Plaintiff is entitled to attorneys' fees in the amount of $45,137.13.

Plaintiff seeks $52,435 in attorneys' fees comprised of $45,299.50 for 148.9 hours of work performed by Sanford Landress, $160 for .4 hours of work performed by Charles Markley, $540 for 1.8 hours of work performed by Gary Blacklidge, $1,268.50 for 5.9 hours of work performed by Kimberly Sugawa-Fujinaga, $3,290 for 13.6 hours of work performed by Jody McCormick, $190 for one hour[1] of work performed by Shane Coleman, $446 for 3.6 hours of work performed by paralegal Carrie Evans, $368 for 2.3 hours of work performed by paralegal Corri Larsen, $17 for .2 hours of work performed by paralegal Debra Johnson, $741 for 7.8 hours of work performed by paralegal Debra Palm, $90 for 1.2 hours of work performed by assistant Nancy Anderson, and $25 for .5 hours of work performed by assistant Ashley McNaughton.

#### 1. Standards.

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009)(quotation omitted).

---

[1] In the body of the Declaration of Jody Walker, Plaintiff asserts Shane Coleman worked 1.2 hours, but the supporting documentation and the amount of money requested for Coleman's work reflect he only worked one hour.

When determining the amount of an award for attorneys' fees, Oregon Revised Statute § 20.075(2) directs the Court to consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.
>
> (h) Whether the fee of the attorney is fixed or contingent.

Plaintiff does not point to any evidence in the record related to factors (b), (e), (f), or (h) and little evidence in the record as to factor (a). Accordingly, the Court addresses only the evidence relating to factors (a), (c), (d), and (g) in its analysis.

5 - OPINION AND ORDER

       2.    **The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding, and the skill needed to properly perform the legal services.**

This case involved breach of one promissory note and did not involve intensive motion practice in this Court. Landress testifies in his Declaration that

> [Plaintiff] filed this case in late June, 2010. The requested fees and costs were incurred over a long period of time and in several different contexts. Initially, the case was actively contested on behalf of defendants by experienced commercial counsel, who asserted complex affirmative defenses and counterclaims. Eventually, the focus changed to complex settlement negotiations, followed by the drafting of a complex set of settlement documents.
>
> Shortly after the signing of the settlement documents, defendant Derek L. Brown was forced into an involuntary Chapter 7 bankruptcy case. Counsel then spent many months participating in various bankruptcy proceedings. Recently, counsel obtained relief from the automatic stay, obtained an order vacating (in part) the judgment of dismissal on file herein, and then obtained entry of a stipulated judgment in plaintiffs favor.

Decl. of Sanford Landress at ¶6.

The Court notes defense counsel withdrew five months into the proceedings in this Court. Accordingly, "complex commercial counsel" for Defendants was not involved in this matter for almost two years before it settled. The record does not establish the degree of complexity of this matter or the negotiations because, as noted, there was not any motion practice before the Court and the Complaint was straightforward.

6 - OPINION AND ORDER

Nevertheless, the Court concludes in light of Landress's testimony, albeit undetailed, that the time and labor required in this proceeding was relatively extensive, particularly in the area of settlement negotiations, and that a moderate level of skill was required to perform the legal services rendered.

      **3.    The amount involved in the controversy and the results obtained.**

In its Complaint Plaintiff sought $1,108,576.39 on the Note plus additional interest and late charges. Plaintiff was successful in obtaining the end result sought in its Complaint when it settled with Defendants for $1,130,000 together with interest on the Note at a rate of 7.5% from the date of entry until paid.

      **4.    The fee customarily charged in the locality for similar legal services and the experience, reputation, and ability of the attorneys performing the services.**

As noted, Plaintiff seeks attorneys' fees of $52,435 comprised of work by six attorneys, four paralegals, and two assistants.

          **a.    Hourly rates for attorneys.**

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2012 (Oregon 2012 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

7 - OPINION AND ORDER

Sanford Landress had 30 years of experience during the course of this action and requests rates between $300 and $315 per hour. According to the Oregon 2012 Survey, Portland attorneys with Landress's level of experience bill on average at a rate of $326 per hour. The Court, therefore, concludes the requested rates between $300 and $315 per hour are reasonable rates for Landress's services.

Charles Markley had over 30 years of experience during the course of this action and requests $400 per hour. According to the Oregon 2012 Survey, Portland attorneys with Markley's level of experience bill on average at a rate of $340 per hour. The 75th percentile of Portland attorneys with his level of experience bill at an average hourly rate of $400. Markley has established his work in this matter is more similar to attorneys in the 75th percentile. The Court, therefore, concludes the requested rate of $400 per hour is a reasonable rate for Markley's services.

Gary Blacklidge had 21-22 years of experience during the course of this action and requests $300 per hour. According to the Oregon 2012 Survey, Portland attorneys with Blacklidge's level of experience bill on average at a rate of $340 per hour. The Court, therefore, concludes the requested rate of $300 per hour is a reasonable rate for Blacklidge's services.

8 - OPINION AND ORDER

Jody McCormick had 14-15 years of experience during the course of this action and requests rates between $240 and $260 per hour. According to the Oregon 2012 Survey, Portland attorneys with McCormick's level of experience bill on average at a rate of $312 per hour. The Court, therefore, concludes the requested rates between $240 and $260 per hour are reasonable rates for McCormick's services.

Kimberly Sugawa-Fujinaga had 5-6 years of experience during the course of this action and requests $215 per hour. According to the Oregon 2012 Survey, Portland attorneys with Sugawa-Fujinaga's level of experience bill on average at a rate of $210 per hour. The 75th percentile of Portland attorneys with her level of experience bill at an average hourly rate of $218. Sugawa-Fujinaga, however, has not established her work in this matter was similar to attorneys in the 75th percentile The Court, therefore, concludes a rate of $210 per hour is a reasonable rate for Sugawa-Fujinaga's services.

Shane Coleman had 3-4 years of experience during the course of this action and requests a rate of $95 per hour. According to the Oregon 2012 Survey, Portland attorneys with Coleman's level of experience bill on average at a rate of $182 per hour. The Court, therefore, concludes the requested rate of $95 per hour is a reasonable rate for Coleman's services.

b. **Paralegal and assistant hours.**

Plaintiff requests 15.6 hours of paralegal and assistant time at rates between $50 and $175 per hour. Plaintiff, however, did not provide any information regarding the reasonable hourly rates for paralegals or assistants in the Portland area where these individuals worked. In addition, Plaintiff did not provide any information as to the experience of the paralegals or assistants. Accordingly, the Court reduces to $50 per hour (a minimal rate the Court can support on this scant record) the rate at which fees may be awarded for the work performed by Carrie Evans, Corrie Larsen, Debra Johnson, Debra Palm, Nancy Anderson, and Ashley McNaughton.

c. **Hours reasonably expended.**

The "district court may attempt to identify specific hours that should be eliminated. . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

Plaintiff requests a total of 171.6 hours of attorney time and 15.6 hours of paralegal and assistant time. As noted, it is difficult for the Court to determine on this record the complexity of this action because there was not any motion practice and Plaintiff provided little in the way of facts to support counsel's assertion that this matter involved "complex litigation, a complex settlement, and bankruptcy proceedings over a protracted period of time." Landress Decl. at ¶6. The Court,

10 - OPINION AND ORDER

therefore, concludes the total amount of hours requested by Plaintiff is excessive. Accordingly, the Court reduces the total number of hours requested by Plaintiff by 15%.

Based on these adjustments, the Court awards fees to Plaintiff in the amount of **$45,137.13**.[2]

## II. Costs.

As noted Plaintiff requests costs in the amount of $1,659.81 for filing fees, "search and filing fees," court-reporter fees, photocopies, Pacer fees, delivery fees, and postage.

### A. Standards.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. See *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

---

[2] See Exhibit 1 for calculation of attorneys' fees.

11 - OPINION AND ORDER

> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

### B. Analysis.

As noted, Plaintiff seeks costs for filing fees, "search and filing fees," court-reporter fees, photocopies, Pacer fees, delivery fees, and postage.

#### 1. Filing fees.

Plaintiff's counsel from Green & Markley seek filing fees in the amount of $776, and Plaintiff's counsel from Witherspoon Kelly seek "search and filing fees" in the amount of $162.50. Although the cost of filing an action is specifically allowed under § 1920, the Court notes the cost to file an action

12 - OPINION AND ORDER

in this Court is $350. Plaintiff does not identify the source of the remaining $588.50 sought in filing fees. In addition, Green & Markley filed this action. The record does not reflect Witherspoon Kelly filed any action in this Court related to this matter. Accordingly, the Court awards Plaintiff's counsel Green & Markley $350 in filing fees and declines to award the remaining $588.50 in filing fees.

### 2. Court-reporter fees.

Plaintiff seeks court-reporter fees in the amount of $508.75. Fees of a court reporter are specifically allowed under § 1920. Accordingly, the Court awards Plaintiff $508.75 for court-reporter fees.

### 3. Postage.

Plaintiff seeks $94.47 in postage costs. Costs for postage and facsimile charges, however, are outside the scope of § 1920. *See, e.g., Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009); *Toll Brothers, Inc. v. Chang Su-O Lin*, No. 08-987 SC, 2009 WL 1816993, at *8 (N.D. Cal. June 25, 2009). Accordingly, the Court declines to award Plaintiff those costs.

### 4. Pacer fees.

Plaintiff seeks $18 in Pacer fees. Pacer fees, however, are outside the scope of § 1920. *See, e.g., Snyder v. HSBC Bank, USA, N.A.*, CV-12-16-PHX-LOA, 2012 WL 3762420, at *5

13 - OPINION AND ORDER

(D. Ariz. Aug. 29, 2012); *Boise Tower Assoc., LLC v. Wash. Capital Joint Master Trust Mortg. Income Fund*, No. 03-141-S-MHW, 2007 WL 4355815, at *7 (D. Idaho Dec. 10, 2007). Accordingly, the Court declines to award Plaintiff those costs.

### 5. Delivery fees.

Plaintiff seeks $8 in delivery fees. Plaintiff does not identify the nature of the requested delivery fees. To the extent that Plaintiff incurred these fees to expedite delivery of documents or similar items, courts have concluded expedited delivery costs are outside the scope of § 1920. *See, e.g., Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *Politte v. United States*, No. 07CV1950 AJB WVG, 2012 WL 4845566, at *5 (S.D. Cal. Oct. 10, 2012); *adidas Am., Inc. v. Payless Shoesource, Inc.*, Nos. 01-1655-KI (Lead Case), CV 03-1116-KI, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009). Accordingly, the Court declines to award Plaintiff those costs.

### 6. Photocopying costs.

Plaintiff seeks $94.47 in photocopying costs. As noted, § 1920 permits a prevailing party to recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Section 1920(4), however, does not allow for recovery of the cost of photocopies prepared solely for convenience of the attorneys. *Kraft*, 2009 WL 73869,

14 - OPINION AND ORDER

at *9. "A party's conclusory assertion that all copies were reasonably and necessarily obtained is, by itself, insufficient." *Id.* The record does not reflect the purpose of obtaining these photocopies. Accordingly, the Court declines to award Plaintiff photocopying costs.

In summary, the Court awards costs to Plaintiff in the amount of **$858.75**.[3]

## CONCLUSION

For these reasons, the Court **GRANTS in part** Plaintiff's Motion (#33) for an Award of Attorneys' Fees and Costs and **AWARDS** attorneys' fees to Plaintiff in the amount of **$45,137.13** and costs in the amount of **$858.75**.

IT IS SO ORDERED.

DATED this 14th day of January, 2013.

_____
ANNA J. BROWN
United States District Judge

---

[3] See Exhibit 2 for calculation of costs.

15 - OPINION AND ORDER

*Sterling Savings Bank v. Derek L. Brown & Assoc.*
3:10-CV-00674-BR

| Attorney | Requested Rate | Allowed Rate | Requested Hours | Allowed Hours | Total |
|---|---|---|---|---|---|
| Sanford Landress | $300-315 | $300-315 | 148.9 | 126.57 | $ 39,867.98 |
| Charles Markley | $ 400 | 400 | 0.4 | 0.34 | $ 136.00 |
| Gary Blacklidge | $ 300 | 300 | 1.8 | 1.53 | $ 459.00 |
| Kimberly Sugawa-Fujinaga | $ 215 | 210 | 5.9 | 5.02 | $ 1,053.15 |
| Jody McCormick | $ 240 | 240 | 12.3 | 10.46 | $ 2,509.20 |
| | $ 260 | 260 | 1.3 | 1.11 | $ 287.30 |
| Shane Coleman | $ 190 | 190 | 1 | 0.85 | $ 161.50 |
| | | | | Total attorneys | $ 44,474.13 |

| Paralegal/Assistant | | | | | |
|---|---|---|---|---|---|
| Carrie Evans | $160-175 | 50 | 3.6 | 3.06 | $ 153.00 |
| Corrie Larsen | $ 160 | 50 | 2.3 | 1.955 | $ 97.75 |
| Debra Johnson | $ 85 | 50 | 0.2 | 0.17 | $ 8.50 |
| Debra Palm | $ 95 | 50 | 7.8 | 6.63 | $ 331.50 |
| Nancy Anderson | $ 75 | 50 | 1.2 | 1.02 | $ 51.00 |
| Ashley McNaughton | $ 50 | 50 | 0.5 | 0.425 | $ 21.25 |
| | | | Total paralegal/assistant fees | | $ 663.00 |
| | | | Total attorneys' fees | | $ 45,137.13 |

Exhibit 1

*Sterling Savings Bank v. Derek L. Brown & Assòc.*
3:10-CV-00674-BR

| Costs | Requested | Allowed |
|---|---|---|
| Filing Fees | | |
|   Green & Markley | $ 775.00 | $ 350.00 |
|   Witherspoon Kelly | $ 162.50 | $ - |
| Court reporter | $ 508.75 | $ 508.75 |
| photocopies | | |
|   Green & Markley | $ 41.52 | $ - |
|   Witherspoon Kelly | $ 52.95 | $ - |
| Pacer Fees | $ 18.00 | $ - |
| Delivery fees | $ 8.00 | $ - |
| Postage | | |
|   Green & Markley | $ 41.52 | $ - |
|   Witherspoon Kelly | $ 51.57 | $ - |
| **Total costs allowed** | | **$ 858.75** |

**Exhibit 2**